## JACOB COON v. LOREN HOUGHTON.

*Liability for property of stranger taken without leave.*

C. hired a steam saw and agreed to furnish fuel. H. had some wood on C.'s premises and part of it being taken for fuel, he sued C. *Held,* proper to charge that C. would be liable if he furnished it to the workmen, or if he made no objection when he saw it taken and used.

Error to Ionia. Submitted Oct. 20. Decided Oct. 27.

TRESPASS. Defendant brings error. Affirmed.

*Vosper Brothers* for plaintiff in error.

*John S. Bennett* for defendant in error.

MARSTON, C. J. An action of trespass was brought in justice's court to recover damages for taking and burning a quantity of wood and fence-caps belonging to the plaintiff Houghton. It appears that the plaintiff had some wood and fence-caps upon the defendant's land; that the latter employed one Durkee who owned a steam sawing machine, to saw a quantity of wood for him, he, Coon, agreeing to furnish fuel and water for the boiler.

The evidence tended to show that Durkee's son was fireman; that the plaintiff's wood and caps were taken by the fireman, assisted by Coon's boys, and used in firing; that the defendant Coon was working at the time assisting in cutting the wood and had an opportunity to see Durkee's boy take and use this wood, and there was proof of an admission made by the defendant afterwards that he knew they were burn-

ing the wood but not the caps. The court charged the jury that if Durkee set his machine and made use of this wood, burning it as alleged, and without any action being taken in regard to it upon the part of the defendant,—if it was simply an act upon the part of Durkee and his boy, the defendant would not be liable; but if defendant in fulfilling his part of the agreement furnished this wood or in any way allowed it to be used by Durkee, standing around and seeing the parties use it and not saying a word about it, such would be considered as a permission to use it and he would be liable.

This, it seems to us, was as favorable as the defendant could ask, and the judgment should be affirmed with costs.

The other Justices concurred.